# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL LEROY WICKHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-CV-27-GKF-FHM |
| ) | |
| STATE OF OKLAHOMA, ) | |
| JUDGE CARL GIBSON, ) | |
| MIKE HUNTER, et al., ) | |
| JUDGE DOUGLAS L. COMBS, et al., ) | |
| REFEREE JOHN HOLDEN, and ) | |
| DIRECTOR OF OSBI RICKY ADAMS, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the court is the Motion to Dismiss [Doc. 5] of defendants Oklahoma Attorney General Mike Hunter, Oklahoma Supreme Court Justice Douglas Combs, Oklahoma Supreme Court Referee John Holden, and Oklahoma State Bureau of Investigation Director Ricky Adams. Movants seek dismissal of plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

*Pro se* plaintiff Paul Leroy Wickham brings this case as a federal civil rights action under 42 U.S.C. § 1983. This is one of four related actions Mr. Wickham has brought in this court over the past seven months. The first case, *Wickham v. Gibson, et al.*, Case No. 18-cv-435-CVE, was dismissed without prejudice for lack of subject matter jurisdiction only five days after it was filed. The second, *Wickham v. Gibson, et al.*, Case No. 18-cv-449-JED, was dismissed without prejudice, then appealed by Mr. Wickham, and the Tenth Circuit affirmed the dismissal. *See Wickham v. Gibson*, Appellate Case No. 18-5112 (10th Cir. January 28, 2019). This case is the third, and Mr.

Wickham recently filed a fourth—*Wickham v. United States of America, Timothy Tymkovech (sic), Elizabeth A. Shumaker, et al.*, Case No. 19-cv-110-TCK.

While *pro se* pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, even *pro se* plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

Mr. Wickham alleges in his Complaint that "[t]he State of Oklahoma, working in concert with [Oklahoma Supreme Court Justice] Judge David (sic) L. Combs, et al. to conduct bodily harm to Leslie Dean Wickham to provoke damages against Paul Leroy Wickham by using P.O. # 18-39 to chronically damage Paul Leroy Wickham's ability to provide health services to his father. Which, under Title 21 Chapter 2 Section 93, is negligent to not provide health care to his dad." A review of the protective order referenced in the Complaint gives context in order to understand Mr. Wickham's allegations, and the court may take judicial notice of that publicly filed order. *Hodgson v. Farmington City*, 675 F. App'x 838, 841 (10th Cir. January 10, 2017) (federal courts may take notice of another court's publicly filed records concerning matters that bear directly upon the disposition of the case at hand); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir.

2

2002); *Hallum v. Four Corners OB-GYN*, No. 17-CV-00007-MV-SCY, 2019 WL 1242237, at *3 (D.N.M. Mar. 18, 2019) (court may consider documents referred to in the complaint and central to the plaintiff's claim without converting the motion into one for summary judgment). The "Amended Order of Protection," issued on August 29, 2018, by defendant Judge Gibson in the District Court of Nowata County, Oklahoma, in Case No. PO-18-39, prohibits Mr. Wickham from attempting or having any contact with his father, Leslie Dean Wickham, and remains in effect until August 27, 2021. The petitioner in the case was Terry Dean Wickham, as Guardian for Leslie Dean Wickham.

Movants argue that Mr. Wickham has failed to state a claim under Section 1983 against any of them and the two defendants who have yet to be served. Upon review of the Complaint, the court agrees, for the following reasons.

Movant Mike Hunter's name appears only in the caption of the Complaint. Mr. Wickham has therefore failed to state a claim upon which relief can be granted against Mr. Hunter.

Movant Judge [Oklahoma Supreme Court Justice] Douglas L. Combs is entitled to absolute judicial immunity. Judges have absolute immunity from civil liability for judicial acts, "unless committed in the clear absence of all jurisdiction." *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000). The allegations against Justice Combs do not identify the "clear absence of all jurisdiction."

Mr. Wickham's allegation that Justice Combs and defendant [Oklahoma Supreme Court] Referee John Holden worked "in concert to commit crimes under Title 18 USC Section 242 [a federal statute making it a crime to deprive rights under color of law] by depriving [Mr. Wickham] of rights and privileges" is vague and conclusory and fails to state a claim upon which relief can be granted against either Justice Combs or Referee Holden.

Movant Oklahoma State Bureau of Investigation Director Ricky Adams's name is mentioned only once, in the caption of the Complaint. The Complaint therefore contains no facts that might be liberally construed as stating a claim against OSBI Director Adams.

Mr. Wickham attempts to ground his § 1983 claim upon alleged violations of three criminal statutes. The first—21 Okla. Stat. § 93—is Oklahoma's statute that defines criminal negligence. The second and third, 18 U.S.C. §§ 241 and 242, are federal statutes criminalizing certain behavior depriving others of civil rights. However, conclusory allegations of the violation of criminal statutes are insufficient to state a claim under § 1983.

Defendant State of Oklahoma has not yet entered an appearance in this case, but must be dismissed because the State is not a person who may be sued within the meaning of § 1983, *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989). Furthermore, § 1983 does not override the State's sovereign immunity as guaranteed by the Eleventh Amendment. *Quern v. Jordan*, 440 U.S. 332, 337 (1979), *overruled on other grounds by Hafer v. Melo*, 502 U.S. 21, 27 (1991).

Defendant Judge Gibson has not yet entered an appearance in this case, but is entitled to absolute judicial immunity from suit for claims arising out of duties as the Associate District Judge for Nowata County, Oklahoma, including the issuance of the protective order referenced in the Complaint. The allegations against Judge Gibson do not identify the "clear absence of all jurisdiction." *Whitesel*, 222 F.3d at 867.

WHEREFORE, the Motion to Dismiss of defendants Mike Hunter, Justice Douglas Combs, Referee John Holden, and OSBI Director Ricky Adams [Doc. 5] is granted. The claims against the State of Oklahoma and Judge Carl Gibson are also dismissed. The court shall enter a contemporaneous judgment of dismissal without prejudice.

IT IS SO ORDERED this 21st day of March, 2019.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE